IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| *Plaintiff*, | : Case No. 1:23-cr-58 |
| vs. | : Judge Jeffery P. Hopkins |
| KELLY RICHARDS, | : |
| *Defendant.* | : |

## OPINION AND ORDER

Pending before the Court is Defendant's motion to dismiss (Doc. 41), which alleges a violation of the Speedy Trial Act, and the Government's opposition thereto (Doc. 43). For the reasons stated below, Defendant's motion is hereby **DENIED**.

### I.  THE SPEEDY TRIAL ACT, 18 U.S.C. § 3161

The Speedy Trial Act (the "Act") mandates that "trial shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Here, Defendant appeared before Magistrate Judge Stephanie K. Bowman for his initial appearance on May 16, 2023. Doc. 6. Defendant was subsequently indicted on May 24, 2023; therefore, the speedy trial clock began to run on May 24, pursuant to 18 U.S.C. § 3161(c)(1).[1] *See* Doc. 18. Six days later, Defendant was arraigned on May 30, 2023. Doc. 20. Because the arraignment qualifies

---

[1] The first day of the event that triggers the period is excluded. *See* Fed. R. Crim. P. 45(a)(1)(A).

as a proceeding concerning Defendant, that day is excluded from the speedy trial clock. *See United States v. Crawford*, 982 F.2d 199, 203 (6th Cir. 1993) (citing 18 U.S.C. § 3161(h)(1)).

The Act further provides that certain periods of delay "shall be excluded . . . in computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h). Included within that provision is an exclusion of time for any period of delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). Yet even then, § 3161(h)(1)(H) excludes an additional thirty (30) days while a pretrial motion is "under advisement." *Henderson v. United States*, 476 U.S. 321, 329 (1986).

Here, the Government filed a motion for protective order on June 22, 2023. Doc. 22. Accordingly, the speedy trial clock was tolled pursuant to § 3161(h)(1)(D). By that time, a total of twenty-seven (27) non-excludable days had elapsed.[2] The speedy trial clock remained tolled for a significant period of time amidst the following events:

- June 23, 2023: The Court held a preliminary pretrial conference. Following the conference, the Court issued a scheduling order setting this case for trial on August 14, 2023. Doc. 23.

- July 17, 2023: Defendant filed an unopposed motion to continue the trial date. Doc. 24.

- July 27, 2023: The Court granted the Government's motion for protective order. Doc. 25.

- August 3, 2023: The Court granted Defendant's motion to continue the trial date, and after consultation with counsel, reset trial for November 13, 2023, and made an ends of justice finding for the period of time elapsing from July 17, 2023, until November 13, 2023. Docs. 26, 27.

*The speedy trial clock remained tolled pursuant to § 3161(h)(7)(A), (B)(i), (B)(iv).*

---

[2] *See United States v. Cope*, 312 F.3d 757, 777 (6th Cir. 2002) (noting that the day on which a motion is filed and the day on which the court rules on a motion are excluded from the calculation).

- October 10, 2023: The Court held a telephone conference during which time the parties discussed forthcoming defense motions. Defendant filed a motion to suppress and a motion for discovery on that date. The November 13, 2023, trial date was therefore vacated.

*The speedy trial clock remained tolled pursuant to § 3161(h)(1)(D).*

- November 15, 2023: The Court held a hearing on Defendant's motion to suppress and motion for discovery. The Court ordered simultaneous post-hearing briefs.

- January 10, 2024: Defendant filed his post-hearing brief. Doc. 34.

- January 11, 2024: The Government filed its post-hearing brief. Doc. 35

*The speedy trial clock remained tolled pursuant to § 3161(h)(1)(H) for an additional thirty (30) days until February 10, 2024.*

*The speedy trial clock ran from February 11, 2024 through February 14, 2024. As of February 14, 2024, thirty-one (31) days had elapsed under the speedy trial clock.*

- February 15, 2024: The Government filed a motion requesting a status conference (the "Motion for Status Conference") to set a trial date. Doc. 37.

- February 20, 2024: Defendant filed his response to the Motion for Status Conference. Doc. 38.

*The parties dispute whether the Motion for Status Conference tolled the speedy trial clock pursuant to § 3161(h)(1)(D) and whether the speedy trial clock then remained tolled pursuant to § 3161(h)(1)(H) for an additional thirty (30) days until March 21, 2024.*

*No days were excluded from March 22, 2024 through April 4, 2024, adding fourteen (14) days to the time elapsed under the speedy trial clock.*

- April 5, 2024: Defendant filed the present motion to dismiss. Doc. 41.

- April 8, 2024: Defendant filed a motion for a psychiatric evaluation pursuant to 18 U.S.C. §§ 4241 and 4242.

- April 8, 2024: The Government filed its response to the motion to dismiss. Doc. 43.

*The speedy trial clock remains tolled pursuant to § 3161(h)(1)(D), (H).*

The central dispute here is whether the Government's February 15, 2024 Motion for Status Conference is a "pretrial motion" that tolls time under the speedy trial clock pursuant to § 3161(h)(1)(D). Defendant argues that the Motion for Status Conference cannot be considered a proper "pretrial motion" under that provision because to say otherwise would render the speedy trial clock meaningless and violate the spirit of the Act. Doc. 41, PageID 266–70. Defendant therefore contends that more than seventy (70) non-excludable days have elapsed from the clock. The Government, however, asserts that its motion qualifies as a "pretrial motion" under § 3161(h)(1)(D), and therefore, the date from when that motion was filed, through the thirty (30) day period during which time the motion was "under advisement" pursuant to § 3161(h)(1)(H), is excludable. Doc. 43, PageID 277.

Notwithstanding his position, Defendant acknowledges the Supreme Court's holding in *Tinklenberg v. United States*, 563 U.S. 647 (2011). In *Tinklenberg*, the Supreme Court clearly held that "the filing of a pretrial motion falls within [§ 3161(h)(1)(D)] irrespective of whether it actually causes, or is expected to cause, delay in starting a trial." *Id.* at 650. When viewing *Tinklenberg* alongside decisions from several other circuits that have addressed whether a motion for a status conference or to establish a trial date qualifies as a "pretrial motion" under § 3161(h)(1)(D), the Court finds Defendant's arguments to the contrary unpersuasive.

The Fifth Circuit in *United States v. Green*, 508 F.3d 195, 200 (5th Cir. 2007) decided this question by holding that under § 3161(h)(1)(D), "any pretrial motion, *including a motion to set a trial date*, tolls the speedy trial clock automatically, and the Government is not required to prove that the motion actually delayed trial." (emphasis added). Notably, the Supreme Court in *Tinklenberg* cited approvingly to *Green's* interpretation of § 3161(h)(1)(D), at least insofar as *Green* held (in relation to the motion to set a trial date) that the provision applies

4

automatically and does not require proof of actual or expected delay. *Tinklenberg*, 563 U.S. at 656–57. Looking beyond *Green*, the First, Eighth, and Tenth Circuits have likewise excluded time for motions by the government for a status conference or to set trial dates. *See United States v. Barnes*, 159 F.3d 4, 11 (1st Cir. 1998); *United States v. Olderbak*, 961 F.2d 756, 761 (8th Cir. 1992); *United States v. Hicks*, 779 F.3d 1163, 1170 (10th Cir. 2015). *But see United States v. Brown*, 285 F.3d 959 (11th Cir. 2002) (holding that a request to set a trial date, which functionally served as a status update required by a local rule, is not a 'pretrial motion' for purposes of the Act). The First, Fifth, and Tenth Circuits in *Barnes*, *Green*, and *Hicks* further determined that § 3161(h)(1)(H) also applies, which means that the speedy trial clock remains tolled for an additional thirty (30) days while any such motion is under advisement. *Barnes*, 159 F.3d at 12; *Hicks*, 779 F.3d at 1172; *Green*, 508 F.3d at 200, n.3 ("In a case such as this, where there was no hearing on the motion, '[§ 3161(h)(1)(D)] excludes the time needed for a "prompt disposition" of the motion, which, under [§ 3161(h)(1)(H)], may be no more than thirty days from the date the motion is taken under advisement.'") (citation omitted).

Defendant does not acknowledge these cases, and instead seeks to extend the Sixth Circuit's holding in *United States v. Brown*, 819 F.3d 800 (6th Cir. 2016) to fit the facts of this case. But this Court is not persuaded that *Brown* should control here. The defendant in *Brown* asserted that the district court violated his speedy trial rights by enacting a "start-and-stop plan," where *voir dire* occurred one week prior to the commencement of trial to comply with the statutory time limit under the Act. *Brown*, 819 F.3d at 810. The Sixth Circuit concurred, finding that the practice observed in that case evaded the spirit of the Speedy Trial Act. The facts in this case are easily distinguished. This Court does not agree that the holding in *Brown* should extend to "pretrial motions" solely because Defendant believes that the Government's

5

motion violates the spirit of the Speedy Trial Act. When considering the analyses set forth in *Tinklenberg*, *Green*, *Barnes*, and *Hicks*, the Court finds that the Government's Motion for Status Conference (Doc. 37) made for the purpose of requesting that a trial date be set is a "pretrial motion" that falls squarely within the ambit of § 3161(h)(1)(D).

Without avail, Defendant also relies on *United States v. Adams*, 36 F.4th 137 (3d Cir. 2022) wherein the Third Circuit held "that a motion *in limine* is treated as would be any 'pretrial motion' under § 3161(h)(1)(D) except when a district court clearly indicates that it is reserving judgment until trial, whether by stating as much or by following a regular practice of postponing decisions on motions *in limine* for trial." *Id.* at 151. The circumstances in *Adams* are not analogous to this case because the Government's motion required pretrial disposition and could not be reserved until trial. Accordingly, as was stated in *Adams*, "unless the district court tables their resolution until trial, [motions *in limine*] toll the speedy trial clock accordingly." *Id.*

The Government's Motion for Status Conference thus tolled the clock automatically in this case, and the clock remained tolled for an additional thirty-day (30) period from when the motion came under advisement. *See* 18 U.S.C. § 3161(h)(1)(D), (H). Defendant's motion to dismiss and his subsequent motion for a psychiatric evaluation filed on April 8, 2024, likewise tolled the speedy trial clock. Consequently, because only forty-five (45) days have elapsed from the clock, no violation of the Speedy Trial Act has occurred.

In light of the foregoing, Defendant's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

April 15, 2024

Jeffery P. Hopkins
United States District Judge

6