IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| *Plaintiff*, | : Case No. 1:23-cr-58 |
| vs. | : Judge Jeffery P. Hopkins |
| KELLY RICHARDS, | : |
| *Defendant.* | : |

## ORDER

Various motions are now pending before the Court. The most pressing of these are the Motion for Psychological Evaluation, pursuant to 18 U.S.C. §§ 4241 and 4242 (Doc. 42) filed by Defendant and Response in Opposition filed by the Government (Doc. 54). In conjunction with the Response in Opposition, the Government today filed a Motion to Have Case Designated a Case of Special Public Importance under 18 U.S.C. § 3509(j) (Doc. 57).

These motions and responses all serve important but competing statutory interests. Paramount among these competing interests, however, are the due process considerations that must be afforded every criminal defendant. It has long been the rule that "[t]he failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial." *Drope v. Missouri*, 420 U.S. 162, 172 (1975) (citing *Pate v. Robinson*, 383 U.S. 375 (1966)). Therefore, "[t]o ensure constitutional due process protections are afforded to criminal defendants, a trial court is obligated to monitor a criminal defendant's competence." *United States v. Batayneh*, No. 13-20303, 2018 WL 10419332, at *6 (E.D. Mich. Nov. 5, 2018).

It therefore follows that the district court "has not only the prerogative, but the duty," to inquire into a defendant's competency if "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *United States v. White*, 887 F.2d 705, 709 (6th Cir. 1989); 18 U.S.C. § 4241(a). "In determining whether a competency hearing is required, a district court should consider 'evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial.'" *United States v. Manley*, 618 F. App'x 276, 279 (6th Cir. 2015) (quoting *Drope*, 420 U.S. at 180).

To be competent to stand trial a criminal defendant must possess (1) a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," and (2) "a rational as well as factual understanding of the proceedings against him." *United States v. Dubrule*, 822 F.3d 866, 875–76 (6th Cir. 2016). In applying this standard, the Sixth Circuit has further stated that "even if [a defendant] is mentally ill, '[i]t does not follow that because a person is mentally ill he is not competent to stand trial.'" *United States v. Davis*, 93 F.3d 1286, 1290 (6th Cir. 1996). The bar for incompetency is high, and a defendant is not "rendered incompetent. . . merely because he cannot get along with his counsel or disapproves of his attorney's performance." *United States v. Miller*, 531 F.3d 340, 349 (6th Cir. 2008).

Against these constitutional considerations the Government seems to want the trial currently scheduled to proceed without further delay *and* without considering whether there is any bona fide doubt about Defendant's competency to stand trial. However, because Defendant asserts in his motion that there is reasonable cause to believe that he may be

2

incompetent to proceed to trial, this Court must, at minimum, give due consideration to Defendant's Motion for Psychological Evaluation *before* trial.

This is so even if this Court elects to grant the Government's request to designate this matter as a case of special importance. The relevant statutory provision states:

> In a proceeding in which a child is called to give testimony, on motion by the attorney for the Government or a guardian ad litem, or on its own motion, the court may designate the case as being of special public importance. In cases so designated, the court shall, consistent with these rules, expedite the proceeding and ensure that it takes precedence over any other. The court shall ensure a speedy trial in order to minimize the length of time the child must endure the stress of involvement with the criminal process. When deciding whether to grant a continuance, the court shall take into consideration the age of the child and the potential adverse impact the delay may have on the child's well-being. The court shall make written findings of fact and conclusions of law when granting a continuance in cases involving a child.

18 U.S.C. § 3509(j). While this provision serves an important purpose, "the presence of a child victim or witness is but one *factor* that the court must take into consideration when confronted with a motion" that may delay trial. *United States v. Brossard*, 767 F. Supp. 1536, 1544 (D. Or. 1991). Therefore, as here, the speedy trial considerations established within this provision of the statute must be balanced against Defendant's due process right to a fair trial. *See United States v. Evans*, No. PX-16-0421, 2017 WL 5624792, at *3 (D. Md. Nov. 21, 2017) ("[T]he speedy trial considerations articulated in § 3509(j) must be balanced against the Defendant's Sixth Amendment right to prepare adequately for trial."). This is not merely a motion by Defendant for more time to prepare for trial. Therefore, while this Court will certainly endeavor to decide Defendant's motion expeditiously in consideration of the two minor victim witnesses in this case, the Court will not do so to the detriment of Defendant's due process rights.

3

This Court has had a limited opportunity to directly observe Defendant in this case. Thus, the Court will convert the Final Pretrial Conference to a *Lafler-Frye* hearing, which will allow it to engage in a colloquy with Defendant concerning his competency to stand trial, including ascertaining his ability to understand the charges in this case, the nature and consequences of the proceedings against him, his ability to assist properly in his defense, the potential penalties associated with the charges, and any plea negotiations that have occurred in these proceedings. By order of the Court, Defendant's counsel has submitted the medical records referenced in his motion for *in camera* review. In addition, the Court *sua sponte* requested and has received Defendant's psychological evaluation reports ordered by the state court in *State of Ohio v. Kelly Eugene Richards*, No. C/19/CRA/8930. *See Drope*, 420 U.S. at 180.

The Court will therefore defer a ruling on Defendant's Motion for Psychological Evaluation until after the Court has had a reasonable opportunity to consider Defendant's presentation during the hearing on April 17, 2024, and the mental health records and reports submitted to the Court. The Court intends to vacate the trial date in this case, currently set for April 22, 2024, but will allow the Government an opportunity to further present its objections at the hearing prior to making a final ruling.

**IT IS SO ORDERED.**

April 16, 2024

Jeffery P. Hopkins
United States District Judge