IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| *Plaintiff*, | : |
| | : Case No. 1:23-cr-58 |
| v. | : |
| KELLY RICHARDS, | : Judge Jeffery P. Hopkins |
| *Defendant*. | : |

**OPINION AND ORDER**

This matter is before the Court for consideration of the Motion to Dismiss (Doc. 48) (the "Motion") filed by Defendant Kelly Richards (a/k/a "Scorpio") pursuant to Fed. R. Crim. P. 12(b)(3)(B). After review of the Motion and responsive memoranda (Doc. 52), Defendant's Motion is **DENIED**.

**I.    BACKGROUND**

Defendant was charged by Complaint in this case on May 12, 2023. Doc. 3. After the FBI arrested Defendant on May 16, 2023 (*see* Doc. 6), the Grand Jury of the Southern District of Ohio returned a five-count Indictment against Defendant on May 24, 2023. Doc. 18. Count 5 of the Indictment alleges that Defendant violated 18 U.S.C. § 922(g)(1) because he possessed four firearms as a three-time convicted felon.[1] *Id.* Defendant has now moved to dismiss Count 5 of the Indictment arguing that 18 U.S.C. § 922(g)(1), the federal felon-in-possession-of-a-

---

[1] Defendant has three prior felony convictions. Specifically, Defendant was sentenced to a term of three-years imprisonment for a prior felony conviction for aggravated robbery. Doc. 52, PageID 365. Defendant also has two prior felony convictions for trafficking controlled substances. *Id.* He was sentenced to serve 3 years on each trafficking count. *Id.*

firearm statute, violates the Second Amendment of the Constitution. Doc. 48, PageID 326. With the trial set to begin next week, Defendant's Motion is now ripe for adjudication by the Court.

## II. STANDARD OF REVIEW

Under Federal Rule of Criminal Procedure 12(b)(1), a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." In this case, Defendant contends that there is a defect in the Indictment for one of the counts he has been charged with under Rule 12(b)(3)(B) because the crime alleged is unconstitutional. As here, when a defendant moves to dismiss an indictment, the court must "take the government's allegations as true." *United States v. Palma*, 58 F.4th 246, 250 (6th Cir. 2023).

## III. LAW AND ANALYSIS

Defendant challenges 18 U.S.C. § 922(g)(1), the federal felon-in-possession-of-a-firearm statute, on the grounds that it violates his Second Amendment rights as defined in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). *See generally*, Doc. 48. In his Motion, Defendant foreshadows this Court's ruling by acknowledging its recent opinion in *United States v. JttonAli One Eye El Bey*, wherein this Court held that 18 U.S.C. § 922(g)(1) remains constitutional in this Circuit after *Bruen*. No. 1:21-cr-110, 2024 WL 22701, at *3 (S.D. Ohio Jan. 2, 2024) ("This Court finds that the Sixth Circuit decision in *Carey* upholding the constitutionality of 18 U.S.C. § 922(g)(1) remains good law after *Bruen* and this Court remains bound by that precedent."). Defendant thus declares that he is raising this issue "merely to protect the record for future review of this matter." Doc. 48, PageID 326.

For the reasons set forth below, and those previously articulated in *El Bey*, Defendant's challenge under *Bruen* is without merit.

### A. Second Amendment Law.

The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

In *District of Columbia v. Heller*, the Supreme Court held that the Second Amendment protects an individual's right to keep a firearm in their home for self-defense. 554 U.S. 570, 635 (2008). Although *Heller* did not "undertake an exhaustive historical analysis [] of the full scope" of that right, the Supreme Court stated, "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 626; *see also id.* at 627 n.26 (identifying these as examples of prohibitions that are "presumptively lawful").

Since *Heller*, the Sixth Circuit has consistently held that 18 U.S.C. § 922(g)(1) is constitutional. *See, e.g.*, *United States v. Khami*, 362 F. App'x 501, 507–08 (6th Cir. 2010) (relying on the "longstanding prohibitions" language from *Heller* to hold 18 U.S.C. § 922(g)(1) constitutional); *United States v. Whisnant*, 391 F. App'x 426, 430 (6th Cir. 2010) (same); *United States v. Frazier*, 314 F. App'x 801, 807 (6th Cir. 2008) (holding convictions under 18 U.S.C. § 922(g)(1) do not violate the Second Amendment). Importantly, the Sixth Circuit expressly affirmed the constitutionality of disarming felons, while citing the above language from *Heller,* in *Carey*. *See United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010) ("Congress's prohibition on felon possession of firearms is constitutional . . . ."). *Carey* remains binding precedent on this Court unless overruled by *Bruen*. And as this Court has recently held, "[i]t was not." *El*

*Bey*, 2024 U.S. Dist. LEXIS 538, at *2; *see also United States v. Vaughn*, Case No. 23-5790, 2023 WL 9789018, at *1 (6th Cir. Sep. 28, 2023) ("[W]e unambiguously held in *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010), that felon-in-possession statutes do not violate the Second Amendment, and that remains the binding law in this circuit.").

      **B.**    ***Heller* and *Carey* Remain Binding Precedent.**

The Supreme Court's decision in *Bruen* does not relieve this Court from following *Heller* or *Carey* for two reasons.

First, *Bruen* did not overturn or abrogate *Heller* or *Carey*. In *Bruen*, the Supreme Court struck down a New York state gun regulation and held "consistent with *Heller*, . . . the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Bruen*, 142 S. Ct. at 2122. In doing so, the Supreme Court laid out the framework for "applying the Second Amendment" as follows:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.

*Id.* at 2129–30. *Bruen* thus abrogated prior decisions relying on means-end scrutiny to evaluate laws under the Second Amendment; this does not include *Heller*. *Id.* at 2127 ("*Heller* and *McDonald* do not support applying means-end scrutiny in the Second Amendment context. Instead, the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms."). "In short, the *Bruen* Court did not overturn *Heller* or abrogate *Carey*: it altered the test for applying the Second Amendment." *El Bey*, 2024 WL 22701, at *2; *see also United States v. MacKey*, No. 2:23-cr-67, 2023 WL 8093071, at *2 (S.D. Ohio Nov. 21, 2023) ("Although *Bruen* altered the test for applying the Second Amendment, it did not overturn *Heller* or abrogate *Carey*.")

4

Second, *Bruen* is distinguishable from the issue posed by the federal felon-in-possession-of-a-firearm statute. The Supreme Court in *Bruen* struck down the portion of New York's handgun licensing regime that "prevent[ed] *law-abiding citizens* with ordinary self-defense needs from exercising their right to keep and bear arms." *Mackey*, 2023 WL 8093071 at *2 (quoting *Bruen*, 142 S. Ct. at 2156). The rights of non-law-abiding citizens, like felons, were not at issue. Six-justices also explicitly found *Bruen* did not overrule the portion of *Heller* that the Sixth Circuit relied on in *Carey*, which upheld the constitutionality of disarming felons. *Bruen*, 142 S. Ct. at 2157 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm . . . . Nor have we disturbed anything that we said in [*Heller*] about restrictions that may be imposed on the possession or carrying of guns."); *id.* at 2162 (Kavanaugh, J., concurring) ("Nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill.") (quoting *Heller*, 554 U.S. at 626); *id.* at 2189 (Breyer, J., dissenting) ("Like Justice KAVANAUGH, I understand the Court's opinion today to cast no doubt on that aspect of *Heller*'s holding.").

The Sixth Circuit is yet to revisit the issue of felon-in-possession statutes post-*Bruen*. The Court acknowledges, as Defendant has detailed, that a number of courts since *Bruen* have ruled 18 U.S.C. § 922(g) as unconstitutional. *See* Doc. 48, PageID 326–27 (collecting cases). However, the vast majority of courts—in this Circuit and otherwise—that have reconsidered the issue of the constitutionality of federal felon-in-possession statutes have upheld them. *See Vaughn*, 2023 WL 9789018, at *1 (citing *United States v. Gleaves*, No. 3:22-CR-00014, 2023 WL 1791866, at *1 (M.D. Tenn. Feb. 6, 2023) (collecting cases outside of the Sixth Circuit)); *United States v. Long*, No. 1:23-CR-635, 2024 WL 1051467 (N.D. Ohio Mar. 8, 2024); *United*

5

*States v. Freeman*, 2024 WL 348517 (E.D. Mich. Jan. 30, 2024); *El Bey*, 2024 WL 22701 (S.D. Ohio Jan. 2, 2024); *Mackey*, 2023 WL 8093071 (S.D. Ohio Nov. 21, 2023); *United States v. Williams*, 2023 WL 8190690 (E.D. Mich., Nov. 27, 2023); *United States v. Omar*, No. 2:22-CR-182, 2023 WL 7526045 (S.D. Ohio Nov. 14, 2023) *United States v. Brown*, 2023 WL 7323335 (N.D. Ohio Nov. 7, 2023); *United States v. Miller*, 2023 WL 6065116 (N.D. Ohio Sep. 18, 2023); *United States v. Taylor*, 2023 WL 5957107 (N.D. Ohio Sep. 12, 2023); *United States v. Nelson*, 2023 WL 4249367 (E.D. Mich., Jun. 29, 2023) (all finding *Bruen* does not cast doubt on longstanding prohibitions on possession of firearms by felons).[2]

Accordingly, this Court finds that the Sixth Circuit decision in *Carey* upholding the constitutionality of 18 U.S.C. § 922(g)(1) remains good law after *Bruen* and therefore remains binding precedent. *See Vaughn*, 2023 WL 9789018, at *1 (holding that *Carey* remains binding precedent in the Sixth Circuit). Because the Court is bound by *Carey*, and because *Carey* forecloses Defendant's argument, the Motion is denied.

## IV. CONCLUSION

For these reasons, Defendant's Motion (Doc. 48) is **DENIED**.

**IT IS SO ORDERED.**

April 18, 2024

Jeffery P. Hopkins
United States District Judge

---

[2] As other Courts in this Circuit have found, "[g]iven the overwhelming weight of binding and persuasive authority, there is no reason for the Court "to conduct an in-depth analysis" of whether the felon-in-possession statute is consistent with this "Nation's historical tradition of firearm regulation." *Williams*, 2023 WL 8190690, at *5 (internal quotes omitted).