IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| *Plaintiff*, | : Case No. 1:23-cr-58 |
| vs. | : Judge Jeffery P. Hopkins |
| KELLY RICHARDS, | : |
| *Defendant.* | : |

# ORDER

This matter is before the Court on Defendant Kelly Richards' motion to reopen and reconsider his motion to suppress evidence (the "Motion") (Doc. 56), which the Court denied in its entirety (Doc. 39). Subsequent to that denial, the Government made certain disclosures related to FBI Special Agent Nathan Holbrook, the affiant in this case and Minor Victim 2 ("MV2"), whose statements were used in the affidavits to support the search warrants issued in the case. Defendant claims that he is entitled to reconsideration of his motion to suppress in light of this newly discovered evidence because it allegedly bears upon the credibility of both Special Agent Holbrook and MV2. As explained below, because the new evidence presented would not impact this Court's prior determination, *see* Doc. 39, Defendant's Motion is **DENIED**.

## I. LAW AND ANALYSIS

While motions for reconsideration are not explicitly authorized by the Federal Rules of Criminal Procedure, requests for reconsideration in criminal cases are permissible. *U.S. v. Healy*, 376 U.S. 75, 78 (1964). When evaluating motions to reconsider in criminal cases,

courts "typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)." *United States v. Robinson*, 5 F. Supp. 3d 933, 936 (S.D. Ohio 2019) (quoting *United States v. Titterington*, No. CR. 2-20165, 2003 WL 23924932, at *1 (W.D. Tenn. May 22, 2003)); *see also United States v. Johnson*, No. 20-5873, 2022 WL 35406, at *5 (6th Cir. Jan. 4, 2022). The Sixth Circuit has held that motions to alter or amend judgment under Rule 59(e), "may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted).

When deciding whether to reopen a suppression hearing, "the district court should account for the timeliness of the motion, the character of the proposed testimony, the effect of granting the motion, and, most importantly, whether the opposing party will be prejudiced by reopening the record." *United States v. Holland*, 522 F. App'x 265, 270 (6th Cir. 2013). Generally, a district court "should be extremely reluctant to grant reopenings." *United States v. Carter*, 374 F.3d 399, 405 (6th Cir. 2004), *vacated on unrelated grounds*, 543 U.S. 1111 (2005).

### A. Special Agent Nathan Holbrook's Prior Conduct

On April 10, 2024, nine days after this Court denied Defendant's motion to suppress, the Government disclosed certain information to Defendant that related to FBI Special Agent Nathan Holbrook, the affiant on the search warrants issued in this case. *See* Doc. 56, PageID 406. More specifically, the Government disclosed that Special Agent Holbrook, in an unrelated case involving alleged public corruption, had directed an informant to conduct warrantless searches of a defendant's office. This conduct was the subject of *United States v. Shelton*, 997 F.3d 749 (7th Cir. 2021), wherein the Seventh Circuit found that the warrantless

searches directed by Special Agent Holbrook violated the defendant's Fourth Amendment rights and required reversal of the defendant's convictions for conspiracy to commit wire fraud and conspiracy to commit honest services wire fraud. Defendant now argues that this Court should reopen his suppression hearing because Special Agent Holbrook's prior conduct bears on his credibility as the affiant in this case.

Defendant is entitled to an evidentiary hearing on the veracity of a warrant affidavit—also known as a "*Franks* hearing"—if and only if (1) "there is a substantial preliminary showing that specified portions of the affiant's averments are deliberately or recklessly false and (2) a finding of probable cause would not be supported by the remaining content of the affidavit." *United States v. Atkin*, 107 F.3d 1213, 1216–17 (6th Cir. 1997) (quoting *United States v. Campbell*, 878 F.2d 170, 171 (6th Cir. 1997)); *see also United States v. Rose*, 714 F.3d 362, 370 (6th Cir. 2013).

Here, this Court previously determined that Defendant failed to make a substantial preliminary showing that the affiant's statements were false—let alone that they were made deliberately or recklessly. Indeed, as this Court previously explained when denying Defendant's motion:

> None of the alleged conflicting information contained in the affidavits upon which Defendant relies establish that the victims' statements are in fact false, or that the affiant included them with an intent to mislead. Even though some of the information provided by the minor victims give the appearance of being inconsistent or contradictory, key details of their statements were corroborated by independent investigation of law enforcement.

Doc. 39, PageID 252. Because this Court found there were no false statements, the Court need not reconsider Special Agent Holbrook's credibility in relation to those statements since they were corroborated by independent police investigation.

3

The Court likewise determined that there were no *material* omissions in the affidavits authored by Special Agent Holbrook. And even if Defendant had made a substantial preliminary showing that Special Agent Holbrook omitted information from the affidavits, this Court expressly rejected Defendant's argument that the items omitted were essential to the Magistrate Judge's probable cause finding. Doc. 39, PageID 256–61. For example, this Court explained:

> The question of *who* took the pictures of the minor victims is, at most, immaterial relative to the offense Defendant has been charged with. For a charge brought pursuant to 18 U.S.C. § 2251, the Government need only prove that Defendant "persuade[d], induce[d], or coerce[d]" the minor victims to engage in "sexually explicit conduct for the purpose of producing [a] visual depiction of such conduct." *United States v. Daniels*, 653 F.3d 399, 408 (6th Cir. 2011); 18 U.S.C. § 2251(a). So, even if the conflicting statements were included in the affidavits, probable cause still exists.

*Id.* at PageID 258. And as to the alleged omission relating to MV1 and MV2's purported representations to Defendant that they were eighteen and nineteen years old, this Court previously concluded that:

> Even if the information had been included, it would not impact the probable cause finding because the affidavits allege violations of 18 U.S.C. § 2251 and the Government need not prove that Defendant knew the victims' ages for charges made pursuant to 18 U.S.C. § 2251(a). *See United States v. Humphrey*, 608 F.3d 955, 962 (6th Cir. 2010) ("[K]nowledge of the victim's age is neither an element of the offense nor textually available as an affirmative defense").

*Id.*

Also, with regards to the other alleged omissions, this Court likewise determined that had any of these items been included—like the entirety of the Facebook messaging conversation between MV2 and Defendant—probable cause would have still existed. As this Court previously explained:

4

> [E]ven assuming that the affiant did omit portions of the conversation in an attempt to mislead, Defendant has not demonstrated that the omission had any material impact on the probable cause finding. The fact remains that Defendant and MV2 communicated on Facebook. MV2 told investigators that she contacted Defendant through Facebook to arrange him picking her and MV1 up from Hope Haven. Richards Ex. 1, ¶ 43. And Defendant has not asserted that the conversation at issue did not occur. Considering these conversations, and all of the other information set forth in the affidavits, probable cause exists even if the Facebook exchange had been included in its entirety.

*Id.* at PageID 260.

At this juncture, the relevant question is not whether Special Agent Holbrook's conduct in the Indiana case warrants suppression, but whether the recent disclosure of that conduct warrants reconsideration of the motion to suppress under Rule 59. And even if one were to assume that Special Agent Holbrook's prior conduct in the Indiana public corruption investigation can properly be characterized as newly discovered evidence, this Court is unconvinced that it would impact its decision on Defendant's entitlement to a *Franks* hearing. *See generally United States v. Baker*, 562 F. App'x. 447, 451 (6th Cir. 2014) (finding that the district court did not err in denying request to reopen suppression hearing because, even if the district court had reopened the hearing, the new evidence would not have diminished officer's credibility). Specifically, the Court is unconvinced that Defendant is entitled to relief under Rule 59 since there has been no substantial preliminary showing that specified portions of Special Agent Holbrook's averments in the affidavits were deliberately or recklessly false or that he omitted information with an intent to mislead. Statements contained within the affidavits were corroborated by an independent police investigation. Thus, even if the information concerning his conduct in the *Shelton* case had been disclosed earlier, the search warrants would have still been supported by probable cause.

5

For these reasons, the Government's recent disclosures regarding Special Agent Holbrook do not warrant reconsideration of the Court's ruling on Defendant's Motion.

### B. MV2's Prior Juvenile Criminal Adjudications

In his motion to suppress, Defendant insisted that any records relating to MV2's criminal history and misconduct, to the extent that such information existed, should also have been disclosed in the search warrant affidavits. After the Court ruled on that motion, the Government disclosed that MV2 has two prior juvenile criminal adjudications. MV2 was adjudged delinquent for marijuana possession and adjudged unruly for violating a court order. Doc. 46, PageID 308. Defendant has since received the juvenile records relating to those criminal adjudications from the Government. *See* Doc. 64, PageID 450.

Based on the nature of the juvenile adjudications, this Court is unpersuaded that MV2's juvenile records would have caused the Magistrate Judge to find MV2 less credible. As this Court previously explained in its order on Defendant's motion to suppress:

> Here, the affidavits detailed various embarrassing and perhaps self-incriminating facts by the minor victims which the Magistrate Judge clearly must have considered when assessing reliability, including that: (1) the minor victims had been screened as possible sex trafficking victims, (2) the minor victims absconded without permission from Hope Haven with Defendant Richards, (3) the minor victims consumed illicit substances, including cocaine, while at Defendant's apartment, (4) the minor victims admitted to posing for sexually explicit pictures while at Defendant's apartment, and (5) the minor victims engaged in sexual activity with Defendant and other older men. Richards Ex. 1.

Doc. 39, PageID 259–60. Therefore, Defendant has not shown that inclusion of MV2's juvenile adjudications would have impacted the probable cause finding in this case, nor that he is entitled to reopening his suppression hearing on that basis.

## II. CONCLUSION

For the foregoing reasons, Defendant's motion to reopen the suppression hearing and reconsider his motion to suppress is **DENIED**.

**IT IS SO ORDERED.**

April 22, 2024

Jeffery P. Hopkins
United States District Judge