# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| *Plaintiff,* | : |
|  | : Case No. 1:23-cr-58 |
| vs. | : |
|  | : Judge Jeffery P. Hopkins |
| KELLY RICHARDS, | : |
| *Defendant.* | : |

# ORDER

A jury trial commenced in this action on April 23, 2024. At the start of trial, and in the days thereafter, the Court addressed several evidentiary and other matters, including the Government's motion *in limine* (Doc. 46), Defendant's first motion *in limine* (Doc. 49), Defendant's second motion *in limine* (Doc. 55), and Defendant's objections to the Government's intent to introduce forensic extraction reports and evidence (Doc. 64). In addition, after the close of the Government's case, Defendant requested to represent himself for the remainder of trial. For the reasons stated on the record, the Court ruled as follows:

1. The Government's motion *in limine* (Doc. 46) was **GRANTED** in its entirety. *See United States v. Beltran-Garcia*, 338 F. App'x 765 (10th Cir. 2009); Fed. R. Evid. 608(b)(1); Fed. R. Evid. 403; Fed. R. Evid. 609(d); Fed. R. Evid. 412(a).

2. Defendant's first and second motions *in limine* (Docs. 49, 55) were **DENIED** in their entirety. *See United States v. Maples*, 60 F.3d 244, 246–47 (6th Cir. 1995) ("[S]uppression of evidence must be viewed as an undesirable remedy reserved for cases of incurable prejudice or bad faith conduct demanding punishment by the

court."); *see also United States v. Johnson*, 576 F. App'x 572 (6th Cir. 2014); *United States v. Collins*, 799 F.3d 554 (6th Cir. 2015).

3. Defendant's objection (Doc. 64) to the Government's intent to introduce forensic extraction reports and evidence under Fed. R. Evid. 902(14) was **OVERRULED**. *See United States v. Dunnican*, 961 F.3d 859 (6th Cir. 2020); *see also United States v. Williams*, 83 F.4th 994, 997 (5th Cir. 2023) ("Every circuit that has addressed this question—whether evidence obtained with Cellebrite [or similar] technology requires expert testimony for admission—has answered it in the negative."). Defendant's objection (Doc. 64) to the same under the Confrontation Clause was also **OVERRULED**. *See United States v. Hill*, 63 F.4th 335, 357–59 (5th Cir. 2023); *United States v. Anderson*, No. 22-1237, 2023 WL 3413905 (6th Cir. May 12, 2023).

4. Defendant's motion to represent himself for the remainder of trial, which was made after the close of the Government's case and the Court's denial of Defendant's motion for acquittal under Fed. R. Crim. P. 29, was **DENIED**. *See United States v. Pleasant*, 12 F. App'x 262, 267 (6th Cir. 2001) ("After trial had begun, the district court had even greater discretion to deny defendant's request to represent himself.") (citing *United States v. Martin*, 25 F.3d 293 (6th Cir. 1994)).

**IT IS SO ORDERED.**

April 30, 2024

Jeffery P. Hopkins
United States District Judge